# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ROBERT CSECH,

    *Plaintiff*,

vs.

KAREN GEDNEY*, et al.*

    *Defendants*.

No. 3:13-cv-00392-RCJ-WGC

ORDER

This *pro se* prisoner civil rights action by a state inmate comes before the Court for initial review under 28 U.S.C. § 1915A.

## *Screening*

When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations in the complaint are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 677-81 & 686-87 (2009). That is, conclusory

assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid.* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the complaint, plaintiff Robert Csech seeks damages and injunctive relief from Dr. Karen Gedney, M.D., in her individual capacity, as well as from Deputies Attorney General Nathan Hastings and Stephen Quinn, in both their individual and official capacities.

Plaintiff alleges in conclusory terms that he had an appointment with Dr. Gedney on June 12, 2013, but that she did not evaluate or examine him in any manner. While plaintiff alleges a litany of perceived medical complaints,[1] he does not identify what Dr. Gedney did

---

[1] The transcript from the settlement conference in prior litigation reflects that plaintiff has a conversion disorder. See Case No. 3:09-cv-00597-LRH-VPC, dkt. no. 102, at 5. A conversion disorder is a psychiatric disorder in which anxiety or stress is expressed as, or "converted" into, physical symptoms. *See, e.g., Stedman's Concise Medical Dictionary*, at 189 (3rd ed. 1997).

not do during the June 12, 2013, appointment that she should have done to address a specific serious medical need. Plaintiff refers back to depositions and hearings in prior litigation and alleges that Dr. Gedney lied during the appointment and/or in the prior litigation. Plaintiff further alleges conclusorily that he is being subjected to retaliation and torture.

Plaintiff lists Hastings and Quinn as defendants, but he presents no operative allegations of actual fact pertaining to either defendant. Plaintiff alleges that Hastings confirmed the nonretaliation agreement on the record as counsel during the prior litigation, but the complaint makes no further allegations as to either Hastings or Quinn.

The complaint fails to state a claim upon which relief may be granted against any of the named defendants.

In order to state a claim for relief for deliberate indifference to serious medical needs, the plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.*, (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

Plaintiff's conclusory allegations regarding his June 12, 2013, appointment with Dr. Gedney state no claim for relief under these standards. The conclusory allegations do not state a claim, whether for damages or injunctive relief, because the allegations do not permit the Court to infer more than the mere possibility of misconduct on the claim. *Iqbal, supra.* Nor does a conclusory allegation of torture or of retaliation in violation of a settlement agreement state a claim for relief. Plaintiff further may not rehash the truth or falsity of

deposition testimony from a prior action that has been concluded by a settlement. If plaintiff has a claim for relief based upon some incident occurring after the prior litigation, he must present allegations of actual fact stating a claim for relief, not conclusory labels and accusations.

Nor does the complaint state a claim for relief against defendants Hastings and Quinn. Plaintiff alleges nothing more than that Hastings confirmed a nonretaliation agreement on the record as counsel in prior litigation. Nothing in that allegation makes Hastings, much less Quinn, liable for alleged events occurring thereafter.

The complaint further does not state a claim for relief against any defendant in their official capacity. First, claims for monetary damages from state officials in their official capacity also are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor, supra*; *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages in any event are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989). Third, none of the claims for injunctive relief in the prayer present viable claims for equitable relief on the allegations made against the defendants named in the complaint. See #1-1, at electronic docketing page 10.

The Court therefore will dismiss the complaint without prejudice with an opportunity to amend to correct the deficiencies identified in this order, to the extent possible.

If plaintiff files an amended complaint, he should not use the pages identified as Count II and Count III to present allegations continued from Count I. He instead should insert additional pages with Count I if he does not have enough space under Count I to state all of his allegations for Count I.

The motion for a temporary restraining order and preliminary injunction submitted with the complaint will be denied. The motion is as conclusory as the complaint. The motion reflects little more than a vague disagreement with Dr. Gedney concerning her alleged failure to take unspecified action at the June 12, 2013, appointment. The motion further seeks impermissibly to limit what prior medical opinions his health care providers may rely upon.

The motion for appointment of counsel submitted with the complaint also will be denied.

There is no constitutional right to appointed counsel in a § 1983 action. *E.g., Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *opinion reinstated in pertinent part*, 154 F.3d 952, 954 n.1 (9th Cir. 1998)(*en banc*). The provision in 28 U.S.C. § 1915(e)(1), however, gives a district court the discretion to request that an attorney represent an indigent civil litigant. *See,e.g., Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986); 28 U.S.C. § 1915(e)(1)("The court may request an attorney to represent any person unable to afford counsel."). Yet the statute does not give the court the authority to compel an attorney to accept appointment, such that counsel remains free to decline the request. *See Mallard v. United States District Court*, 490 U.S. 296, 109 S.Ct. 1814, 104 L.Ed.2d 318 (1989). While the decision to request counsel is a matter that lies within the discretion of the district court, the court may exercise this discretion to request counsel only under "exceptional circumstances." *E.g., Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). A finding of exceptional circumstances requires an evaluation of both the likelihood of success on the merits and the plaintiff's ability to articulate his claims *pro se* in light of the complexity of the legal issues involved. *Id.* Neither of these factors is determinative and both must be viewed together before reaching a decision. *Id.*

Plaintiff has demonstrated an adequate ability to articulate his position *pro se* with the resources available to him. The Court notes that plaintiff has filed numerous actions in proper person recently, reflecting a continuing ability to litigate in proper person. It further does not appear that plaintiff's underlying claims have a substantial likelihood of success. Viewing these factors together, the Court does not find that exceptional circumstances exist that would warrant requesting a private attorney to voluntarily take the case.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice, subject to an opportunity to amend the complaint within thirty (30) days of entry of this order to correct the deficiencies identified in this order, to the extent possible.

IT FURTHER IS ORDERED that final judgment will be entered dismissing this action, without further advance notice, if plaintiff does not timely mail for filing an amended complaint correcting the deficiencies identified in this order or if any amended complaint filed does not correct the deficiencies.

IT FURTHER IS ORDERED that, on any such amended complaint filed, plaintiff shall clearly title the amended complaint as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number,**3:13-cv-00392-RCJ-WGC**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

IT FURTHER IS ORDERED that the Clerk shall file the motions submitted with the complaint, that both motions are DENIED, and that the Clerk shall reflect the denial of the motions by this order on the docket as per the Clerk's current practice for such matters.

DATED:     April 3, 2014.

_____
ROBERT C. JONES
United States District Judge