# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| ROBERT CSECH, #51121,    *Plaintiff*, vs.  KAREN GEDNEY, *et al.*    *Defendants*. | No. 3:13-cv-00392-RCJ-WGC  ORDER |

This *pro se* prisoner civil rights action by a state inmate comes before the Court for initial review of the amended complaint (#9) under 28 U.S.C. § 1915A, on plaintiff's applications (## 1 & 3) to proceed *in forma pauperis*, and on an outstanding motion (#8) for extension of time.

The prior screening order (#4) dismissed the original complaint without prejudice and with leave to amend. The order outlines the screening standard and the application of the standard to the claims in the original complaint.

The allegations in the amended Count I against the sole remaining defendant are more lacking in supporting actual factual allegations than the prior pleading with regard to an alleged June 12, 2013, appointment. The discussion of the claim in the prior screening order is substantially applicable to amended Count I as well. See #4, at 2-4. *Inter alia*, a difference in medical opinion as to the existence or nonexistence of a condition or conditions does not constitute deliberate indifference under the Eighth Amendment. Amended Count I fails to state a claim upon which relief may be granted.

Plaintiff adds a claim in Count II that was not included in the original complaint. He alleges that defendant Dr. Karen Gedney denied plaintiff a wheelchair on July 2, 2012. Plaintiff alleges that Warden Jack Palmer and Assistant Warden Lisa Walsh required that plaintiff be evaluated for wheelchair use in the kitchen but Dr. Gedney refused to approve the wheelchair. He alleges that he went four-and-a-half months without any meals in the kitchen as a result. Plaintiff alleges that he "has suffered stomach much and remains stomach difficult."

These new allegations against Dr. Gedney substantially overlap claims presented by plaintiff against other state correctional defendants in a prior pending action. As described in the screening order in that case, plaintiff alleged therein:

> Plaintiff alleges . . . that following the settlement conference [in another case], on July 2, 2012, defendants Palmer and Peery conspired to adopt a policy and procedure that would require that plaintiff's wheelchair be taken from him. He alleges that they did so in retaliation for his pursuit of the prior action. He alleges that defendants Hannah and Cruse took his wheelchair from him on July 26, 2012, at the direction of defendants Palmer and Peery.
>
> Plaintiff alleges that he was given another wheelchair on July 27, 2012, after he filed an emergency grievance. However, he alleges that the second wheelchair did not have leg supports. Defendant Hannah allegedly then denied his request to instead have a wheelchair with leg supports. Hannah allegedly did so again on August 14, 2012, after plaintiff again stated to him that he needed a wheelchair with leg supports.
>
> Plaintiff alleges that he thus was forced to drag both legs along the ground when using the wheelchair. He alleges that, due to his preexisting condition, the dragging of his legs and a feeling of falling cause him to have more painful headaches and added disorientation.

*Csech v. Hannah*, No. 3:13-cv-00292-MMD-WGC, #3, at 3-4 (footnote omitted).

A district court has broad discretion to control its own docket, including broad authority to dismiss duplicative proceedings. *See, e.g., M.M. v. Lafayette School District*, 681 F.3d 1082, 1091 (9th Cir. 2012); *Clayton v. District of Columbia*, ___ F.Supp.2d ___, 2014 WL 1395057, at *2 (D.D.C. April 10, 2014). Plaintiff is seeking to pursue claims regarding the denial of an appropriate wheelchair on and after July 2, 2012, against correctional officer

defendants in two different suits based upon not necessarily consistent factual allegations. Neither judicial efficiency nor fairness are served by permitting plaintiff to do so. While the defendants are not the same in the two suits, the state correctional defendants typically are defended by the state Attorney General. State representatives should not be required to defend two different lawsuits arising out of substantially the same subject matter against different named correctional defendants, particularly on varying allegations. The Court notes that the allegations in amended Count II in this case allegedly arise at the same time rather than being based on later-arising events. Moreover, the other action has not proceeded to judgment as yet.

The Court finds that judicial efficiency is better served by a simple dismissal without prejudice of this action rather than a more procedurally complicated consolidation of the actions. Nothing in the Court's action herein in and of itself precludes relation back to the amended Count II in this action, subject to the orders entered by the Presiding Judge in the prior case. Plaintiff will have to seek leave to amend to add the claim in amended Count II from this action in the prior action if he seeks to pursue the claim further. Nothing in this order either grants plaintiff permission to file any claims or directs him to do so. The Court simply is dismissing the present duplicative proceeding without prejudice.

IT THEREFORE IS ORDERED that the complaint, as amended, shall be DISMISSED for failure to state a claim upon which relief may be granted as to amended Count I and as duplicative of the first-filed action in *Csech v. Hannah*, No. 3:13-cv-00292-MMD-WGC as to amended Count II.

IT FURTHER IS ORDERED that, following upon the Court's finding that plaintiff is unable to pay a substantial initial partial filing fee, plaintiff's applications (## 1& 3) to proceed *in forma pauperis* are GRANTED. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee still must be paid pursuant to 28 U.S.C. § 1915(b)(2).

IT FURTHER IS ORDERED that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving

of security therefor.  This order granting *forma pauperis* status shall not extend to the issuance of subpoenas at government expense.

      IT FURTHER IS ORDERED that, pursuant to 28 U.S.C. § 1915(b)(2), the Nevada Department of Corrections shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to plaintiff's account (in the months that the account exceeds $10.00) until the full $350.00 filing fee has been paid for this action.  The Clerk of the Court shall SEND a copy of this order to the Finance Division of the Clerk's Office.  The Clerk shall also SEND a copy of this order to the attention of the **Chief of Inmate Services for the Nevada Department of Corrections, P.O. Box 7011, Carson City, NV 89702.**

      IT FURTHER IS ORDERED that plaintiff's motion (#8) for an extension of time is GRANTED *nunc pro tunc* in connection with the amended complaint filed on April 25, 2014.

      The Clerk shall enter final judgment accordingly, dismissing this action without prejudice.

DATED: July 9, 2014

_____
ROBERT C. JONES
United States District Judge